## GENET et al. v. ALECHMAN et al.
## No. 12174.

Circuit Court of Appeals, Fifth Circuit.

March 23, 1948.

W. G. Ward, of Miami, Fla., and Martin Genet, of Miami Beach, Fla., for appellants.

Simon Englander, of Miami Beach, Fla., for appellees.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

LEE, Circuit Judge.

This suit was brought by appellees, plaintiffs below, as tenants of the appellants, under Section 205(e) of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 925(e), for treble damages for alleged overpayment of rent, plus reasonable attorney's fees and costs. Finding that the appellants had contracted for and collected rent in excess of the maximum permissible, but that such violations "were neither willful nor the result of failure to take practical precautions against the recurrence of the violations," the trial court rendered judgment in behalf of each plaintiff for the amount of his overpayment and in behalf of all plaintiffs for attorney's fees in the sum of $575, and costs of suit. From that judgment, defendants appeal.

Appellants are the owners of an apartment house in the Miami Defense Rental Area. The rent ceilings became effective in that area as of September, 1943, at which time the three apartments in question were occupied by members of the armed forces and their wives, under written approved leases which provided a basic rental for Apartments No. 6 and No. 9 of $37.50 per month each, and Apartment No. 19 of $40 per month. Each lease was upon a printed form which contained a provision reading as follows:

"The said lessee further covenants and agrees that no more than —— adults and —— children shall occupy said premises; provided, however, —— additional persons may be accommodated as guests of the lessee at the additional rate of $— per day per person."

In each case the blanks were filled in so as to allow for occupancy by two adults and no children; as to the provision for additional persons, the rate in each was $1.00 per person, and the blanks to show the number of additional persons were filled in as follows: Apartment No. 6, "any" additional persons, etc.; Apartment No. 9, "1" additional person, etc.; and in the lease for Apartment No. 19, the blank was left open.

On October 6, 1945, Apartment No. 6 was rented to Abraham Kirshner for occupancy by Mr. Kirshner, his wife, and two children, at a rental of $97.50 a month. On April 27, 1946, Apartment No. 9 was rented to Al Alechman for occupancy by Mr. Alechman and his wife and two children, at a rental of $67.50 a month. On August 14, 1945, Apartment No. 19 was rented to Harry Mizrach for occupancy by Mr. Mizrach and his wife and two children at $100 a month; and subsequently, on August 26, 1946, was rented to Emanuel Weidberg for occupancy by Mr. Weidberg and his wife and two children at the same rent. Mr. Mizrach and his family occupied Apartment No. 19 for two months; the other appellees occupied their apartments from the date of the rental contracts to the date of filing suit. The bill alleged overcharges in 1945 and 1946 on Apartments No. 6 and No. 19 of $60 a month, and $30 a month on Apartment No. 9. Appellants attempt to justify the alleged overcharges on the ground that in September, 1943, each apartment was occupied by two adults and no children under contracts providing for an additional charge of $1 per day for each additional person accommodated therein; hence, they (appellants) were entitled to increase the September, 1943, base rent for two occupants per apartment by $1 per day for each of the two children living in each apartment in 1945 and 1946 and thereafter.

The question posed, therefore, is whether, under the rental agreements on the effective rent date, the children of the appellees are such "additional persons accommodated as guests of the lessees" as were contemplated by the quoted provisions of the leases, so as to make the additional rate of $1 per day per person applicable to them. We think they are not.

That part of each lease which provides for the number of occupants to be accommodated in the apartment at the base rent seems to us clearly to contemplate a designation, when the blanks were filled in, of the family group which would constitute the regular tenants covered by the base rent; the proviso anent additional persons obviously has reference not to members of the family group but to additional persons who are guests of the lessee and who may be accommodated only at the cost of $1 a day per person.

That this interpretation of the lease clauses in question is correct is indicated by the following testimony of W. F. Esslinger, the chief attorney for the Miami Defense Rental Area, witness for the appellants:

"* * * in the hundreds and thousands of leases it was my duty to examine from time to time, we have found such provision quite frequently in the leases: 'The said lessee further covenants and agrees that no more than two adults and no children shall occupy said premises;' and * * * 'The said lessee further covenants and agrees that no more than one adult and two children,' or 'two adults and one child,' or 'two adults and two children shall occupy said premises; provided, however, * * *.'" (Then followed the provision for the additional guests.)

While Mr. Esslinger further testified that he interpreted the lease clauses in favor of appellants' contention, his superiors in the OPA Atlanta Regional Office took the opposite view, which we believe to be correct.

It was mere chance that on September 1, 1943, each of the apartments in question was occupied by a childless couple, so that

at that time the family group in each case consisted of only two adults. The court below found the base rent was intended to cover the family group occupying the apartment, and the extra rent of $1.00 a day was intended to apply to a temporary occupant, a guest of the lessee. We think the finding is supported by substantial evidence, Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and the judgment appealed from is affirmed.